UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD TOMLIN,

      Plaintiff,

                                                    Case No. 05-60242

v.

                                                    Hon. John Corbett O'Meara

LABORERS PENSION TRUST FUND –
DETROIT AND VICINITY, *et al.*,

      Defendants.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION TO DISMISS**

      Before the court is Defendants' motion to dismiss, filed November 15, 2005.  The matter

has been fully briefed, and the court heard oral argument on January 12, 2006.  For the reasons

set forth below, Defendants' motion is denied.

      Plaintiff brought this action pursuant to 29 U.S.C. § 1132(a)(1)(B) (ERISA) to recover

disability benefits, which were denied by the Defendant Laborers Pension Trust Fund.

Defendants allege that they are entitled to dismissal of Plaintiff's complaint pursuant to Fed. R.

Civ. P. 12(b)(6) because the Plaintiff cannot demonstrate that the Fund acted in an arbitrary and

capricious manner in denying him benefits.

      After careful consideration of Defendants' motion and the applicable law, the court

concludes that a motion to dismiss is not an appropriate procedural vehicle for adjudicating a

claim under § 1132(a)(1)(B), at least under the circumstances presented here.  See Wilkins v.

Baptist Healthcare Sys., Inc., 150 F.3d 609, 617-19 (6th Cir. 1998).  Defendants' motion is not a

true 12(b)(6) motion, alleging that Plaintiff's complaint fails to state a claim, but rather appears

to be a summary judgment motion.[1]

The Wilkins court addressed the proper procedure for adjudicating claims under §

1132(a)(1)(B).  The statute does not provide for a jury trial.  The court noted that a bench trial is

also inappropriate, because material outside the administrative record is generally not considered

by the court.  Id.  The court further stated that because "this court's precedents preclude an

ERISA action from being heard by the district court as a regular bench trial, it makes little sense

to deal with such an action by engaging in a procedure designed solely to determine 'whether

there is a genuine issue for trial.'"  Id. at 619.   Thus, motions for summary judgment are

"inapposite" for adjudicating claims under § 1132(a)(1)(B).  Id.

The Wilkins court suggested that the proper procedure is for district courts to review the

administrative record and render findings of fact and conclusions of law.  Id.  "The district court

may consider evidence outside of the administrative record only if that evidence is offered in

support of a procedural challenge to the administrator's decision, such as an alleged lack of due

process afforded by the administrator or alleged bias on its part."  Id.

The procedural posture of this case does not currently allow the court to render findings

of fact and conclusions of law.  It is unclear, for example, whether the entire administrative

record is before the court.  It is also unclear whether the court may consider evidence outside the

administrative record.  Moreover, the parties have not submitted proposed findings of fact and

conclusions of law, because they have proceeded under Rule 12(b)(6).

Accordingly, IT IS HEREBY ORDERED that Defendants' November 15, 2005 Motion

---

[1]  The basis of Defendants' motion is that the Fund's decision was not arbitrary and
capricious, which is different from arguing that Plaintiff's complaint fails to state a claim.

to Dismiss is DENIED.

The parties shall file motions for judgment on the administrative record and proposed

findings of fact and conclusions of law.  The parties shall agree on a briefing schedule or shall

jointly contact the court's case manager to obtain one.

SO ORDERED.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  January 24, 2006