UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD TOMLIN,

    Plaintiff,

v.

LABORERS PENSION TRUST FUND –
DETROIT AND VICINITY, *et al.*,

    Defendants.

    Case No. 05-60242

    Hon. John Corbett O'Meara

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Before the court is Defendants' motion for reconsideration, filed February 6, 2006. Defendants seek reconsideration of the court's opinion and order denying Defendants' motion to dismiss. The court found that Defendants' Rule 12(b)(6) motion was not an appropriate vehicle for adjudicating Plaintiff's ERISA claim under the circumstances of this case. The court directed the parties to file motions for judgment on the administrative record and findings of fact and conclusions of law.

Defendants argue that their Rule 12(b)(6) motion is proper and that they are entitled to the dismissal of Plaintiff's complaint. Defendants contend that a Rule 12(b)(6) motion is an appropriate vehicle for adjudicating a benefits claim under ERISA where the plan administrator's decision is subject only to an "arbitrary and capricious" standard, as opposed to a *de novo* standard of review. The court should grant a Rule 12(b)(6) motion where "no relief could be granted under any set of facts that could be proved consistent with the allegations." Morgan v. SKF USA, Inc., 385 F.3d 989 (6th Cir. 2004).

Although a Rule 12(b)(6) motion may be an appropriate vehicle for adjudicating a claim under 29 U.S.C. § 1132(a)(1)(B) under certain circumstances, the court concludes that it is not appropriate in this case. Defendants contend that the plan administrator was not arbitrary and capricious in denying Plaintiff benefits. The plan denied Plaintiff benefits because it found that he was not totally and permanently disabled. See Compl. at Ex. 7. In order to review that decision, the court has "an obligation under ERISA to review the administrative record in order to determine whether the plan administrator acted arbitrarily and capriciously in making ERISA benefit determinations. This obligation inherently includes some review of the quality and quantity of the medical evidence and the opinions on both sides of the issues." McDonald v. Western-Southern Life Ins. Co., 347 F.3d 161, 172 (6th Cir. 2003). See also Moon v. UNUM Provident Corp., 405 F.3d 373, 379 (6th Cir. 2005) ("While a benefits plan may vest discretion in the plan administrator, the federal courts do not sit in review of the administrator's decisions only for the purpose of rubber stamping those decisions.").

The court finds that its obligation to review the administrative record is not properly fulfilled in the Rule 12(b)(6) context *in this case*. Further, upon a review of the record, the court finds that Defendants have not sustained their burden under Rule 12(b)(6) of demonstrating that "no relief could be granted under any set of facts that could be proved consistent with [Plaintiff's] allegations." Morgan, 385 F.3d at 992. Defendants' motion is more appropriately brought as a motion for judgment on the administrative record. See Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 617-19 (6th Cir. 1998).

IT IS HEREBY ORDERED that Defendants' February 6, 2006 Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that the parties shall file motions for judgment on the administrative record and proposed findings of fact and conclusions of law.  The parties shall agree on a briefing schedule or shall jointly contact the court's case manager to obtain one within seven days from the date of this order.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  February 16, 2006